E-FILED
Wednesday, 24 September, 2014 08:27:12 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

|  |  |  |
|---|---|---|
| MICHAEL S. CARLOS, <br>     Plaintiff, <br><br> v. <br><br><br> TARRY WILLIAMS, WARDEN, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 14-cv-1263 |

## <u>O R D E R  &  O P I N I O N</u>

This matter is before the Court on Petitioner's Motion to Reconsider the Court's dismissal of his Petition for Writ of Habeas Corpus pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, filed on August 21, 2014. (Doc. 14). The Court will grant the motion.

Because the Court grants Petitioner's Motion to Reconsider, the time is ripe for the Court to also consider Petitioner's Application for Leave to Proceed in forma pauperis (Doc. 3), Petitioner's Motion for Attorney Representation (Doc. 4), Petitioner's Motion to Dismiss with Leave to Reinstate (Doc. 5), Petitioner's Motion to Amend Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 13), and Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 10).

### Procedural History

Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 16, 2014 in the Northern District of Illinois. (Doc. 10). He filed an

Application for Leave to Proceed in forma pauperis and a Motion for Attorney Representation on the same day. (Docs. 3, 4). The Petition was transferred to this Court on June 27, 2014, with all motions and applications still pending. (Doc. 7).

On July 2, 2014, the Court denied Petitioner's Application for Leave to Proceed in forma pauperis, and ordered Petitioner to pay the filing fee within twenty-eight days. (Doc. 12). When Petitioner did not make a payment, the Court dismissed the case on August 7, 2014 and entered judgment on August 11, 2014. (Docs. 14, 15). Before the Court dismissed the case, Petitioner filed a motion seeking to amend his petition to add allegations that the Illinois Supreme Court denied his Late Petition for Leave to Appeal his original conviction on May 29, 2014. (Doc. 13). Petitioner noted that motion rendered his Motion to Dismiss with Leave to Reinstate (Doc. 5) unnecessary.

**Petitioner's Motion to Reconsider**

Petitioner's Motion is properly characterized as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) and was timely filed within twenty-eight days after judgment was entered. Petitioner makes two arguments for why the Court should reopen his case. First, he argues that he never received a copy of the order denying his application to proceed in forma pauperis, and he asks the Court to take judicial notice of mailroom delays at the Stateville Correctional Center.

Second, Petitioner argues that he has already paid the $5 filing fee. Petitioner authorized the Illinois Department of Corrections to pay a $5 filing fee to the Northern District of Illinois on May 4, 2014. It issued a check for $5 on June 17,

2

2014, and the Northern District of Illinois received and processed it on June 27, 2014, after the case had already been transferred to this Court. When the Court denied Petitioner's Application for Leave to Proceed in forma pauperis on July 2, 2014, it had no notice that Petitioner had submitted his filing fee to the Northern District or that the Northern District had processed the filing fee.

The Court credits Petitioner's claim that he did not receive its Order, and need not take judicial notice to do so. Furthermore, the Court acknowledges that Petitioner has paid the $5.00 filing fee. Therefore, Petitioner's Motion for Reconsideration (Doc. 16) is granted and Petitioner's Application for Leave to Proceed in forma pauperis (Doc. 3) is denied as moot.

**Petitioner's Motion for Attorney Representation**

Petitioner seeks appointment of counsel to assist with his previously filed § 2254 Motion. (Doc. 4). For the reasons stated below, Petitioner's Motion is denied.

A civil litigant is not entitled to a court-appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. § 1915(e)(1). The decision of whether to appoint counsel is generally left to the discretion of the Court. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). The litigant must first show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If the litigant has made the proper attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id*. at 655-56, 660.

Petitioner indicates he has made the threshold attempt to secure counsel without Court intervention by seeking the assistance of the Cardozo Innocence Project in New York, Mayer Brown in Chicago, and the Bluhm Center on Wrongful Convictions in Chicago. The Court, in its discretion, denies Petitioner's motion. Petitioner provides no stated reason for why the Court should appoint counsel. He indicates that he has some high school education, and he has prepared a lengthy and sophisticated § 2254 Petition. The Court may appoint counsel if discovery is required, and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2254 Proceedings in United States District Courts, R. 6, 8. Counsel may also be appointed if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A; *see also* 28 U.S.C. § 2254(h). The Court may revisit the issue of solicitation of counsel under these provisions if it later becomes necessary.

With these preliminary matters resolved, the Court may preliminarily review Petitioner's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**Petitioner's 2254 Petition**[1]

In 1993, Petitioner was tried and convicted of eight counts of first degree murder after a jury trial. (Doc. 10 at 1). He was sentenced to life in prison. *People v. Carlos*, 655 N.E.2d 1182 (Ill. App. Ct. 1995). He directly appealed his conviction to the Fourth District Appellate Court of Illinois, which affirmed his convictions and sentenced him in 1995. (Doc. 10 at 2). He also pursued post-conviction relief in two state collateral proceedings. In his second petition for post-conviction relief, he claimed actual innocence. The trial court denied the petition after an evidentiary hearing held in January 2011. After an unsuccessful appeal, the Illinois Supreme Court denied him leave to appeal on May 29, 2013. (Doc. 10 at 2-3).

Petitioner asserts four grounds for relief. In the first three, he alleges that the state courts reviewing his second habeas petition erred in failing to grant him a new trial after he produced evidence of actual innocence. (Doc. 10 at 3-4). In the fourth, he alleges that the state trial court in which he was convicted erred in admitting a witness's prior inconsistent statement in violation of his Constitutional due process rights. (Doc. 10 at 4).

---

[1] On May 16, 2014, Petitioner moved to dismiss with leave to reinstate claim four of his petition, noting that it was not ripe for federal habeas review because he had not exhausted his state court remedies with respect to that claim. (Doc. 5). Shortly thereafter, the Illinois Supreme Court denied Petitioner's Late Petition for Leave to Appeal his original conviction. Petitioner withdrew the motion when he filed a Motion to Amend Petition (Doc. 13). Pursuant to Federal Rule of Civil Procedure 15(a)(B), the Court grants Petitioner's Motion to Amend Petition (Doc. 13) to reflect the Illinois Supreme Court's May 29, 2014 decision, which mooted the exhaustion issue.

*Claims One, Two, and Three*

The first three of Petitioner's grounds for relief relate to Illinois state courts' treatment of his post-conviction claims of actual innocence. In his first claim, Petitioner alleges that the Illinois trial and appellate courts erred by concluding that newly discovered eyewitness accounts tending to exonerate him were not "of such a conclusive character" to change the result of trial. Specifically, he argues that affidavits from his two newly discovered eye-witnesses present more reliable testimony than the state's witnesses at trial, who provided inconsistent testimony. His second and third claims relate to evidentiary issues that arose in the state court collateral proceeding. He alleges that the court erred as a matter of law in allowing the testimony of a witness who did not testify at the original trial. He also alleges that the court improperly relied upon this testimony, which he alleges was tainted by hearsay, in rejecting his request for a new trial.

These three claims read as appeals from the state appellate court's decision, and they are not cognizable in a habeas corpus petition. In a habeas petition, a petitioner must give grounds for why he is in custody in violation of federal law or the Constitution. 28 U.S.C. § 2254(a). By arguing that a state court improperly dismissed his post-conviction petition, Petitioner does not raise a ground for illegal custody. Although Petitioner alleges various half-baked Constitutional violations that occurred during his state post-conviction proceeding, he is not being held in custody as a result of decisions in his post-conviction proceeding. He is in custody because of his original murder convictions.

However, the underlying theme of his three claims is that he is being held in custody though he is actually innocent. In limited circumstances, actual innocence may be a claim on which the Court can grant relief.[2]

Under Seventh Circuit precedent, a stand-alone claim of actual innocence is not cognizable in determining whether a writ of habeas corpus should issue in non-capital cases. *See Milone v. Camp*, 22 F.3d 693, 699 (7th Cir. 1994). In *Milone*, a habeas petitioner convicted of murder sought relief on the ground that new evidence would exonerate him. *Id.* Although the court noted that it may be unconstitutional to execute a person who is legally and factually innocent, it limited such a right to those under sentence of death. *See id.* at 699-700 (citing *Herrera v. Collins*, 506 U.S. 390, 419 (1993)(O'Connor, J. concurring)). Later, the Seventh Circuit held that a district court erred in construing a Rule 33 motion for a new trial as a § 2255 collateral attack when the petitioner raised an argument of actual innocence. *See Ruth v. U.S.*, 266 F.3d 658, 661 (2001). The court reasoned that the Rule 33 motion could not be considered a collateral attack for the purposes of § 2255 because "[a]n argument of actual innocence, based on newly discovered evidence does not implicate the Constitution." *Id.* (citing *Herrera*, 506 U.S. at 400-01).

In this case, Petitioner is serving life in prison, but is not under sentence of death. *People v. Carlos*, 655 N.E.2d 1182 (Ill. App. Ct.1995). For that reason, his

---

[2] The Supreme Court explained that the issue of whether freestanding claims of actual innocence are cognizable in habeas corpus proceedings is unresolved. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). Assuming arguendo that they are cognizable, the Supreme Court has noted "the difficult questions such a right would pose and the high standard any claimant would have to meet." *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71 (2009).

7

claim of actual innocence is not cognizable under § 2254. *See Milone*, 22 F.3d at 699. The first three claims for relief are not cognizable under § 2254. Therefore, the Court dismisses them and Respondent need not respond to them.

*Claim Four*

Petitioner's fourth claim is that the trial court erred in admitting evidence of a witness's prior inconsistent statement that implicated him in the murders. In his petition, he argues that the trial court's decision to admit the evidence violated Illinois law and was so prejudicial as to violate his right to a fair trial.

Petitioner's fourth claim appears to suffer from two flaws. First, he appears to have procedurally defaulted it. The Illinois appellate court affirmed his conviction and held that the trial court did not err in admitting the evidence in 1995. *See People v. Carlos*, 655 N.E.2d 1182 (Ill. App. Ct. 1995). However, he did not attempt to appeal the appellate court's decision until April 13, 2014, when he filed a motion for leave to file a late petition for leave to appeal with the Illinois Supreme Court. (Doc. 13 at 2). The Illinois Supreme Court denied his motion on May 29. (*Id.* at 5). Ordinarily, a petitioner's failure to timely present habeas claims to a state's highest court constitutes procedural default of those claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999) (holding that petitioner who failed to timely appeal to the Illinois Supreme Court failed to exhaust available remedies under § 2254(c) and therefore procedurally defaulted claims in spite of fact that Illinois Supreme Court review is discretionary).

Claims of actual innocence may, in rare circumstances, serve as a gateway claim and entitle petitioners to review of defaulted claims on the ground that a

miscarriage of justice would result without review. *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014). Because this claim for habeas relief accompanies a claim of actual innocence, the Court cannot find it is wholly without merit at this stage on this ground.

To succeed, a petitioner must meet a heavy burden. A petitioner must show that "in light of new evidence it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006). Such attempts are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Moreover, the Court must "accord a presumption of correctness to the state court's credibility determination." *See* 28 U.S.C. § 2254(e)(1); *Coleman v. Hardy*, 628 F.3d 314, 320 (7th Cir. 2010).

The second flaw from which Petitioner's fourth ground appears to suffer is that it is based on a state law violation and has only hinted at constitutional violations. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioners can establish a right to habeas relief if they show that an "incorrect evidentiary ruling was so prejudicial that it violated his due process right to a fundamentally fair trial, creating the likelihood that an innocent person was convicted." *Dressler v. McCaughtry*, 238 F.3d 908, 914 (7th Cir. 2001). Here, Petitioner has alleged constitutional violations due to the arguable prejudice caused

by the evidence's admission. Because of this, the Court cannot find that claim four is wholly without merit at this stage on this ground.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered the grounds set forth in Petitioner's petition. In spite of noted difficulties, the Court cannot find that Petitioner's grounds are wholly without merit on this initial review. Thus, Respondent is ordered to respond to these claims.

IT IS THEREFORE ORDERED:

1) Petitioner's Motion for Reconsideration (Doc. 16) is hereby GRANTED. The Order dated August 7, 2014 (Doc. 14) and the Judgment dated August 11, 2014 (Doc. 15) are VACATED. Petitioner's case is REOPENED.

2) Petitioner's Application for leave to proceed in forma pauperis (Doc. 3) is hereby DENIED as moot.

3) Petitioner's Motion for attorney representation (Doc. 4) is hereby DENIED.

4) Petitioner's Motion to dismiss with leave to reinstate (Doc. 5) is hereby DENIED, as Petitioner withdrew it when he filed his Motion to Amend Petition (Doc. 13).

5) Petitioner's Motion to Amend Petition (Doc. 13) is hereby GRANTED.

6) Counts I, II, and III are DISISSED as without merit pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

7) The Clerk SHALL serve a copy of the Petition (Doc. 10) upon Respondent pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

8) Respondent SHALL file an answer, motion, or other responsive pleading within fifty-six days after service of this Order. Respondent should address any facts which would establish whether Petitioner's remaining claim is untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claim and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

9) Petitioner MAY file a reply to Respondent's response within twenty-eight days of being served with the response.

10) Petitioner SHALL serve upon Respondent a copy of every further pleading or other document submitted for consideration by the Court.

Entered this  24th  day of September, 2014.

                                                                s/Joe B. McDade
                                                                 JOE BILLY McDADE
                                      United States Senior District Judge