UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL S. CARLOS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 14-cv-1263 |
| TARRY WILLIAMS, *Warden,* | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion for Issuance of a Certificate of Appealability (Doc. 31) and Motion for Leave to Appeal in Forma Pauperis (Doc. 37). The Court will deny the first motion, but grant the second and require Petitioner to pay a partial filing fee to pursue his appeal.

### MOTION FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY

When the Court dismissed Petitioner's habeas corpus petition as untimely, it also declined to issue a certificate of appealability. (Doc. 25). Petitioner's Motion for Issuance of a Certificate of Appealability requests that the Court reconsider its decision and allow him to seek a "second opinion" from the Seventh Circuit Court of Appeals. (*See* Doc. 31).[1] Petitioner has not articulated reasons why the Court should

---

[1] The Court notes that in its decision denying Petitioner a Certificate of Appealability, it only discussed Petitioner's fourth ground for relief. The Court previously dismissed Petitioner's first three grounds for relief as part of its initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (*See* Doc. 17). The Court would not issue a Certificate of Appealability for those grounds either, as there is agreement that stand-alone claims of actual innocence are not cognizable in a habeas corpus petition. *See, e.g.*,

reconsider its refusal to issue a Certificate of Appealability, but has rather simply summarized the arguments that he made as part of his Petition for Writ of Habeas Corpus and response to Respondent's Motion to Dismiss. The Court will not reconsider its decision. Instead, Petitioner must seek a Certificate of Appealability from the Seventh Circuit Court of Appeals. *See* Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.").

### MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

To pursue an appeal, litigants must ordinarily pay $455.00 to cover a filing fee and a docketing fee. Under 28 U.S.C. § 1915(a), a court may authorize an indigent prison litigant to pursue an appeal in forma pauperis if he has filed an affidavit that includes a statement of all assets he possesses, and affirms that he is unable to pay court fees or provide security therefor. The affidavit must also state the nature of the appeal and the prisoner's belief that he is entitled to redress. The prisoner must also submit a certified copy of his trust fund account statement (or institutional equivalent) for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. Petitioner has filed an affidavit that complies with each of these requirements. (*See* Doc. 37).

Section 1915(a)(3) also explicitly provides an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good

---

*Gladney v. Pollard*, No. 13-3141, 2015 WL 5026075, at *4 (7th Cir. Aug. 26, 2015) (explaining that actual innocence can serve as a gateway to excuse procedural defaults when paired with an underlying constitutional claim, but cannot serve as a stand-alone claim).

faith." An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). This is a less demanding standard than the standard a Petitioner must meet to obtain a Certificate of Appealability. *Id.* at 631. Petitioner only needs to present a single non-frivolous issue on appeal in order to establish that the appeal is not taken in bad faith. *See Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

Petitioner states that he is appealing the Court's decision to dismiss each of his counts. (Doc. 37 at 1). The Court concludes that a reasonable person could suppose that Petitioner's actual innocence claim has some merit, and could therefore excuse the untimeliness of his petition. *See Walker*, 216 F.3d at 632. Therefore, the Court is unable to certify that Petitioner's appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Court concludes that Petitioner is indigent, but in its discretion, it assesses a partial filing fee. Under 28 U.S.C. § 1915(b), prisoners bringing civil actions or appeals still must pay the entire fee. Courts collect it by first assessing a partial fee, *id.* at § 1915(b)(1), and then by collecting monthly payments assessed from a prisoner's trust fund account. *Id.* at § 1915(b)(2). These requirements do not apply to collateral attacks like Petitioner's, which are brought under 28 U.S.C. § 2254. *See Walker*, 216 F.3d at 633-34. The *Walker* Court recognized, however, that "[a] court has it within its discretion to insist that litigants proceeding IFP in non-PLRA cases must nonetheless pay a fee commensurate with their ability to do so." *Id.* at 638 n. 5. Courts may turn to the statutory formula in 28 U.S.C. § 1915(b) to determine what a reasonable partial filing fee might be in habeas corpus cases or

other cases not covered by the Prison Litigation Reform Act. *See Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999); *Rodriguez v. Nicholson*, No. 10-0077, 2013 WL 2383630, at *1 (S.D. Ill. May 30, 2013).

In its discretion, the Court concludes that such a one-time partial filing fee is appropriate in this case. There are some internal contradictions in Petitioner's Motion for Leave to Appeal In Forma Pauperis. On the second page of the Motion, he indicates that he does not receive any income in the form of gifts. (*See* Doc. 37 at 2 (listing "N/A" for the average monthly amount of gifts that he has received over the past twelve months and "N/A" for the amount that he expects to receive next month)). Yet, on the sixth page, he acknowledges that he receives gifts, and writes, "The funds sent to me are for commissary and cosmetic items and it is only gifts." (Doc. 37 at 6). The gifts that Petitioner receives constitute income that the Court will consider, and Petitioner's trust fund account statement reflects that he receives regular gifts. With these gifts, Petitioner's average monthly income – while still relatively small – is significantly greater than he reported in his affidavit. Based on his trust fund account statement, the Court assesses a one-time filing fee of $39.46. Petitioner has already paid $5.00, so he must still pay $34.46.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Issuance of a Certificate of Appealability (Doc. 31) is DENIED. Petitioner's Motion for Leave to Appeal in Forma Pauperis (Doc. 37) is GRANTED. Petitioner must pay a one-time fee of $39.46. Because he has already paid $5.00 toward it, he only needs to pay $34.46.

IT IS SO ORDERED.

Entered this 5th day of October, 2015.

                                                    s/ Joe B. McDade
                                                    JOE BILLY McDADE
                                      United States Senior District Judge